IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HOWARD BLOOMGARDEN | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv324 |
| R.D. MILES | § | |

<u>MEMORANDUM ORDER REGARDING TRANSFER</u>

Petitioner Howard Bloomgarden, an inmate confined at the Federal Correctional Complex, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

<u>Discussion</u>

Petitioner filed this petition asserting that the State of California is attempting to circumvent the Interstate Agreement on Detainers ("IAD"). Petitioner contends California authorities lodged a detainer against him approximately ten (10) years ago and recently filed a writ of habeas corpus *ad prosequendum*.

<u>The Response</u>

The respondent was ordered to show cause why relief should not be granted. In response, the respondent filed a motion to dismiss, asserting that the petition should be denied as moot because petitioner had already been transferred to the State of California. The respondent contends that this court lacks subject matter jurisdiction.

<u>Petitioner's Response</u>

Petitioner filed a response to the motion to dismiss in which he asserts that the petition is not moot, and the respondent's

motion to dismiss should be denied.  Petitioner argues that the unit warden's action would allow California to improperly circumvent the protections under the Interstate Agreement on Detainers.  Petitioner asserts that the State of California had lodged a detainer almost ten (10) years earlier and that the detainer remained open until the State of California finally sought to obtain custody of petitioner.  Petitioner contends his transfer to California violates the Interstate Agreement on Detainers.

### Analysis

Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  To entertain a 2241 habeas petition, the district court must have jurisdiction over the prisoner or his custodian. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

In *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Court was presented with a question of interstate detainer, an issue not covered by 28 U.S.C. § 2241.  In *Braden*, the Court addressed the issue of whether a district court in one state could have jurisdiction over a prisoner in custody in another state where that prisoner challenged a detainer issued by the first state.  "In reaching is conclusion that the prisoner could attack the interstate detainer in a district court located within the state issuing the detainer,

though the prisoner is confined in another state, the Supreme Court looked to the text of 28 U.S.C. § 2241(a)." *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). The Supreme Court then used traditional venue principles to reach its conclusion that it could not assume that Congress intended to require a state to defend its action in a distant state and to preclude resolution of the dispute by a federal judge familiar with the laws and practices of the first state. *Id*.

In the case of a detainer, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer. *Braden*, 410 U.S. at 499. "[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 524 U.S. 426, 438 (2004). Thus, the proper respondent in this action is the demanding state, the State of California.

Further, the Third Circuit held, in *Grant v. Hogan*, 505 F.2d 1220 (3rd Cir. 1974), that the petitioner, a federal prisoner, was required to exhaust all remedies afforded to him by the Interstate Agreement on Detainers before seeking federal court relief from an extradition action. *See id*. at 1223-24. Moreover, in *Slaughter v. Henderson*, 470 F.2d 743 (5th Cir. 1972), the Fifth Circuit held that the petitioner was required, before seeking federal habeas relief, to attempt to have the detainer removed from his prison

records through the administrative procedures of the Interstate Agreement on Detainers. *See id.* at 744. However, petitioner has not exhausted administrative procedures concerning his detainer.

Here, petitioner challenges the validity of a detainer lodged against him concerning charges pending in Los Angeles, California. Pursuant to 28 U.S.C. § 84, Los Angeles is located in the Central District of California. At the time he filed the petition, petitioner was confined at the Federal Correctional Complex in Beaumont, Texas. Accordingly, both the federal district court for the Eastern District of Texas and the federal district court for the Central District of California have concurrent jurisdiction over the habeas petition.

While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted, and the detainer was lodged against him. Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

The detainer which forms the basis of this petition concerns charges in Los Angeles, California. As set forth above, Los Angeles is located in the Central District of California.

As petitioner has already been transferred to California to face the charges against him, the conditions giving rise to this petition no longer exist; thus, the petition is moot. However, to the extent that petitioner challenges the validity of the detainer lodged against him by the State of California, such claims should be pursued in a court within the State of California as the detainer was lodged there and all relevant records and witnesses reside there. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Central District of California. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this __7__ day of _____February_____, 2006.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE

5